

2010 AUG 27 PM 3 30

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-05-69-GF-SEH |
| --- | --- | --- |
| | ) | CV-10-44-GF-SEH |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JUAN ARELLANO-OCHOA, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

Defendant/Movant Juan Arellano-Ochoa ("Arellano") has moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He is a federal prisoner proceeding pro se.

## PRELIMINARY SCREENING

The Court must conduct a preliminary review of the § 2255 motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Rule 4(b), Rules

Governing Section 2255 Proceedings. It has done so.

## BACKGROUND

Arellano was indicted on April 22, 2005, on one count of distribution of at least 50 grams of a substance containing methamphetamine in violation of 21 U.S.C. § 841(a). The charge entailed a five-year mandatory minimum prison sentence and a maximum sentence of 40 years. 21 U.S.C. § 841(b)(1)(B). Assistant Federal Defender Evangelo Arvanetes was appointed to represent Arellano. Minutes (Doc. 4); Order (Doc. 6).

Trial commenced on September 6, 2005. Arellano's fingerprints were identified on two plastic bags of methamphetamine. Florence Hare testified that she purchased the methamphetamine from Arellano. The jury found Arellano guilty. Verdict (Doc. 36).

A sentencing hearing was held on December 15, 2005. The total offense level was 26. The advisory guideline range was 70-87 months. Presentence Report ¶¶ 12-25. He was sentenced to serve 87 months in custody consecutive to the sentence imposed in United States v. Morrow, No. CR 02-84-BLG-RFC (D. Mont. judgment entered Sept. 8, 2003) ("Arellano I"),[1] to be followed by a four-year concurrent term

---

[1] Arellano was indicted in Arellano I on July 19, 2002, but he was using the name "Juan Delgado-Sanchez." He was a fugitive until February 12, 2003.

2

of supervised release. Minutes (Doc. 49); Judgment (Doc. 50) at 2-3.

Arellano appealed. On July 22, 2009, the Ninth Circuit Court of Appeals affirmed the sentence. United States v. Arellano-Ochoa, No. 06-30052 (9th Cir. July 22, 2009) (unpublished mem. disp.) (Doc. 60). The United States Supreme Court denied Arellano's petition for writ of certiorari on November 2, 2009. Arellano-Ochoa v. United States, __ U.S. __, 130 S. Ct. 523 (2009). The present motion followed.

## ARELLANO'S ALLEGATIONS

Arellano claims that counsel was ineffective in two respects. First, he failed to request a downward departure under U.S.S.G. § 5G1.3 to ensure that Arellano received credit for time served in federal custody prior to sentencing. Mot. § 2255 (doc. 63) at 5, 5a-5b. Second, he did not advise Arellano that he could enter an "open" plea of guilty without accepting the terms of the plea agreement offered by the United States. Id. at 6-7, 7a-7b.

## ANALYSIS

Strickland v. Washington, 466 U.S. 668 (1984), sets the standards for claims alleging ineffective assistance of counsel. First, Arellano must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show that he was prejudiced by counsel's errors. Id. at 693. To

3

demonstrate prejudice Arellano must show " a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Neither prong of the test is met.

### A. Failure to Request Downward Departure

A downward adjustment of the guideline calculation would have been required if the offense level in this case was increased because his conduct in Arellano I was considered relevant and increased his base offense level under Chapters Two or Three of the Guidelines Manual. U.S.S.G. § 5G1.3(b). It did not. The offense level in this case was based solely on the amount of methamphetamine actually seized from Florence Hare on September 10, 2002. Presentence Report ¶¶ 5, 12-18. All conduct in Arellano I ended on February 14, 2002. Indictment (Doc. 1), Morrow, No. CR 02-84-BLG (D. Mont. filed July 19, 2002). The amount of drugs involved in that case was not considered in the Offense Conduct underlying Arellano's total offense level. Compare Presentence Report ¶¶ 5-7 with id. ¶ 24 (describing the Billings Division conviction as involving "202.2 grams of methamphetamine, 6.4 grams of methamphetamine 'ice,' and 30 pounds of marijuana."). Subsection (b) of U.S.S.G. § 5G1.3 did not apply. Therefore, "to achieve a reasonable punishment for the instant offense," the sentence could have been imposed to run concurrently, partially concurrently, or consecutively with the sentence in Arellano I. U.S.S.G. § 5G1.3(c).

4

Counsel asked for a concurrent sentence, specifically mentioning the 34 months Arellano had already served. Sentencing Tr. at 13:16-18.

At sentencing, the Court found that Arellano had "chosen to engage in multiple illegal activities," demonstrated "absolutely no acceptance of responsibility for the crime," and had, "for an extended period of time and by [his] continued conduct, displayed absolutely no respect for the law." Sentencing Tr. at 20:6-24. A concurrent or partially concurrent sentence was not appropriate.

### B. "Open" Plea of Guilty

At trial, Arellano testified that he was not guilty and that he sold a car to Florence Hare for $6500. Trial Tr. (Doc. 54) at 118:12-120:23. He said that he previously pled guilty to possession in Arellano I because, as a drug addict, he possessed methamphetamine. Id. at 120:24-122:2. In fact, he pled guilty to conspiracy to distribute methamphetamine and six counts of possession with intent to distribute. Id. at 122:10-123:11. He also testified that he was with his wife "24 hours a day, seven days a week," throughout the month of September 2002, and "never left her side for any minute of that month." Id. at 123:12-124:5. His wife also testified that he "never left [her] side" for the entire month, "not for one minute." Id. at 116:10-15. Finally, in his sentencing letter, Arellano said that he "unintentionally caused embarrassment to my family." Letter (Doc. 48-1) at 1.

There is no reasonable probability that Arellano would have admitted the elements of the crime if he had known he could enter an open plea. Throughout the proceedings in this case, he adamantly refused to accept responsibility for his actions. He could not even admit the reality of his guilty plea in Arellano I. For the same reason, there is no reasonable probability that this Court would have considered accepting an Alford or nolo contendere plea. Fed. R. Crim. P. 11(a)(1); North Carolina v. Alford, 400 U.S. 25, 37-38 & n.11 (1970).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability (COA) may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See Hohn v.United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). To obtain a COA, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Arellano has not shown that he was deprived of his Sixth Amendment right to the effective assistance of counsel. He claims counsel should have requested a concurrent sentence under U.S.S.G. § 5G1.3. Counsel did so. A concurrent sentence, however, was not appropriate under the facts of the case. While the record does not indicate whether counsel advised Arellano that he could enter an "open"

6

all

guilty plea without accepting the terms of the prosecution's proposed plea agreement, there is no reasonable probability that Arellano would, at that time, have entered a guilty plea. At trial, he squarely denied the allegations of the Indictment by testifying, under oath, to facts wholly inconsistent with distributing methamphetamine. Even at sentencing, when an admission of guilt might still have made a difference in the sentence, he failed to accept responsibility for his actions. Arellano even denied the reality of his conviction in his other federal case in the Billings Division, though he pled guilty in that case. Consequently, there is no reasonable probability that a plea of nolo contendere would have been acceptable.

No reasonable jurist could find a basis for further proceedings. A certificate of appealability is not warranted.

ORDERED:

1. Arellano's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 63) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Arellano files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-44-GF-SEH are terminated and shall close the civil file by entering

judgment in favor of the United States and against Arellano.

DATED this 27th day of August, 2010.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge